**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4118**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

ARNOLD RUSSELL THREET,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, Chief District Judge. (1:14-cr-00020-CCB-1)

Submitted: September 22, 2015        Decided: November 5, 2015

Before KING, DIAZ, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Andrew R. Szekely, LAW OFFICE OF ANDREW R. SZEKELY, LLC, Greenbelt, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Bonnie S. Greenberg, Assistant United States Attorney, Michael Elliker, Student Law Clerk, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Arnold Threet pleaded guilty, pursuant to a written plea agreement, to committing bank robbery, in violation of 18 U.S.C. § 2113 (2012). The district court sentenced Threet to 120 months of imprisonment and three years of supervised release. On appeal, Threet contends that the district court abused its discretion by varying upward from his applicable Sentencing Guidelines range. We affirm.

We review a sentence's substantive reasonableness under a "deferential abuse-of-discretion standard." United States v. Washington, 743 F.3d 938, 943-44 (4th Cir. 2014). We "must defer to the district court and affirm a reasonable sentence, even if we would have imposed something different." Id. at 943-44. When faced with a variant sentence, we "consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." Id. at 944 (internal quotation marks omitted).

A variant sentence "carries no presumption of unreasonableness." Irizarry v. United States, 553 U.S. 708, 713 (2007). Even a significant variance from the Guidelines range "does not alone render [a variant sentence] presumptively unreasonable." United States v. Hargrove, 701 F.3d 156, 163 (4th Cir. 2012) (internal quotation mark omitted). While the

2

extent of the variance is relevant, we must "give due deference to the district court's decision that the [18 U.S.C.] § 3553(a) factors, on the whole, justify the extent of the variance." Gall v. United States, 552 U.S. 38, 51 (2007).

After reviewing the record, we conclude that the district court did not abuse its discretion either in varying upward or in the extent of its variance from Threet's Guidelines range. Threet committed a serious offense, has an extensive criminal history that was not accounted for in his Guidelines range, and has demonstrated a propensity to commit robbery when faced with recurring bouts of substance abuse. The district court properly cited the need to protect the public due to individual factors not sufficiently accounted for by the Guidelines. We thus find no reversible error in the district court's sentence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED